UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

RAY BELFON-NIXON,

                Plaintiff,                          **ORDER**
                                                                19-CV-438 (MKB) (LB)

     v.

SPEEDWAY LLC,

                Defendant.

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Ray Belfon-Nixon, proceeding *pro se*, commenced the above-captioned action on January 17, 2019, against Defendant Speedway LLC. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendant terminated, failed to promote, retaliated against, and subjected him to harassment and unequal terms and conditions of employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.* ("Title VII"). (*Id.* at 4.) Defendant filed an answer on May 9, 2019, (Answer, Docket Entry No. 9), and on June 11, 2019, Magistrate Judge Lois Bloom held an initial conference at which Plaintiff failed to appear. (Minute Entry dated June 11, 2019, Docket Entry No. 13.) Judge Bloom subsequently ordered Plaintiff to show cause why he failed to appear at the June 11, 2019 conference and scheduled a second conference for July 11, 2019. (Order dated June 11, 2019, Docket Entry No. 14.) The June 11, 2019 order warned Plaintiff that if he failed to appear at the July 11, 2019 conference, Judge Bloom would recommend that the Court dismiss this action. (*Id.*) Plaintiff failed to appear at the July 11, 2019 conference and to date, has not responded to Judge Bloom's order to show cause or otherwise communicated with the Court.

      By report and recommendation dated July 19, 2019, Judge Bloom recommended that the Court dismiss this action pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil

Procedure (the "R&R"). (R&R, Docket Entry No. 16.) Judge Bloom explained that these rules provide that a court "may issue any just order . . . if a party or its attorney . . . fails to appear at a scheduling or pretrial conference" or "fails to obey a scheduling or other pretrial order" and that the sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." (*Id.* at 2 (quoting Fed. R. Civ. Pro. 16(f), 37(b)(2)(A); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994)).)

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court dismisses this action pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure for failure to appear at two court-ordered initial conferences, respond to the order to show cause, or otherwise communicate with the Court. The Court directs the Clerk of Court to close this case.

Dated: October 10, 2019
      Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge